**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DEBORAH MORRIS, *et al.*,

    *Plaintiffs,*

    v.

U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT, *et al.*,

    *Defendants*

Case No. 25-cv-2766-ABA

**MEMORANDUM OPINION**

Self-represented Plaintiffs Debrorah Morris and Arnell Mason have sued (1) the "U.S. Department of Housing and Urban Development" and Scott Turner as its secretary ("HUD"), (2) "Baltimore City c/o Mayor and City Council," the "Department of Housing and Community Development" and Alice Kennedy as its commissioner, the "Housing Authority of Baltimore City," and the "Baltimore City Planning Department" ( the "Baltimore Defendants"), and (3) "Memorial Development LP," "Somerset Development Company LLC," and "Habitat America, LLC" (the "Landlord Defendants"). In their complaint, Plaintiffs allege a long history of discrimination in housing in Baltimore and dissatisfaction with the state of their own apartments. As discussed below, Plaintiffs have filed numerous similar cases in the past, all of which have been dismissed. The Defendants have also moved to dismiss this complaint. For the following reasons, Defendants' motions will be granted and the case will be dismissed with prejudice.

1

## I.      FACTUAL AND PROCEDURAL HISTORY[1]

### A.      This Action

Plaintiffs' complaint is 71 pages long and includes an additional 84-page attachment consisting of various forms and documents. ECF No. 1 & 1-1. Plaintiffs have also filed numerous supplements that amount to over a thousand additional pages. *See, e.g.*, ECF Nos. 36, 37, 48, 50, 51, 52, 76, 77, 78, 79, 80, 82, 89, 90, 92, 95, 99, 101, 104, 105, 106, 109, 110, 111. The exact nature of the claims in the complaint is unclear and confusing. Over half of the complaint details the alleged history of housing discrimination in Baltimore and nationwide, mostly on the basis of race and class. Plaintiffs assert that they are "Black in [their] mid 70's, Disabled and Poor (annual financial resources less than $18,000) with extensive medical expenses not covered under Medicare." ECF No. 1 at 32.[2] Plaintiffs do not allege the nature of their disabilities.

Plaintiffs appear to be dissatisfied with their housing options and claim that their landlords have not properly maintained their subsidized rental units at the Linden Park Apartments on McMechen St. in Baltimore. Plaintiffs allege that the Linden Park Apartments contain lead and asbestos, lack comprehensive emergency plans, and lack accessibility options. The Linden Park Apartments are owned by Somerset Development Company and Memorial Development Partners, and are managed by Habitat America, all of which are among the named Defendants. Plaintiffs further allege that the

---

[1] At the pleadings stage, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

[2] Page citations are to ECF page numbers, which may differ from the parties' pagination.

governmental Defendants have not provided sufficient oversight and have not done enough to stem systemic discrimination in housing including by passing protective laws and addressing the poor condition of low-income housing like their own. Plaintiffs do not clearly allege what concrete injuries they personally have suffered. Ms. Morris does allege that her landlord did not address mold and dirt in her apartment, *id.* at 47, and falsely accused her of trespass, *id.* at 49. Mr. Mason alleges that his landlord falsely claimed he owed $800. *Id.* at 51–53. The vast majority of the allegations in the complaint concern general grievances not specific to the two Plaintiffs.

Plaintiffs allege the following causes of action: (1) "Violation of Prohibition Separate and unequal Housing Under the Ninth Amendment to the U.S. Constitution" against all Defendants, (2) "Administrative Procedures Act" against HUD, (3) failure to comply "with HUD Regulations, Policies, Requirements and failure to comply with State and Federal laws" against the Baltimore Defendants, (4) "Violations of Civil Rights Act 1866 (giving Blacks Plaintiffs fundamental economic rights, including the right to create contracts) and 5th Amendment, 13th Amendment, 14th Amendment, and 15th Amendment as they apply to Plaintiffs Rights," presumably against all Defendants, and (5) "Conspiracy to Deprive Plaintiffs of Our Constitutional Rights Pursuant to 42 U.S.C. § 1983," presumably against all governmental Defendants. *See id.*, at 56–64. The causes of action are also not specific to Plaintiffs and instead allege general systemic issues that allegedly affect "elderly, disabled, Black and Poor People in Baltimore." *See, e.g.*, *id.* at 57.

The Landlord Defendants filed a motion to dismiss to which Plaintiffs responded and those Defendants replied. ECF Nos. 14, 16, 25. Plaintiffs also filed a motion to file a surreply, ECF No. 29, which will be denied because the proposed surreply is

unresponsive to the motion and unnecessary. The Mayor of Baltimore, the City Council of Baltimore, the Department of Housing and Community Development, and Baltimore City Department of Planning filed a motion to dismiss to which Plaintiffs responded and those Defendants replied. ECF Nos. 20, 23, 34. The Housing Authority of Baltimore City filed a separate motion to dismiss to which Plaintiffs responded, and it replied. ECF Nos. 26, 30, 35. And HUD filed a motion to dismiss to which Plaintiffs responded, and it replied. ECF Nos. 45, 47, 53. Plaintiffs also filed a motion to file a surreply to HUD's motion to dismiss, which will be denied because the brief is not responsive or necessary. ECF No. 57. Plaintiffs' responses and proposed surreplies are largely unresponsive to the arguments raised in the motions to dismiss and instead repeat the same allegations in the complaint.

Plaintiffs have filed multiple motions for temporary restraining orders or preliminary injunctions and related motions, some of which the Court has denied, ECF Nos. 54, 58, 59, 61, 69, 74, and others that the Court has not yet addressed, ECF Nos. 84, 86, 87, 93, 102, 107, 108. The Court will deny these motions for the same reasons it has denied the prior motions, *see* ECF Nos. 55, 60, 68, 75, and because they are moot in light of this memorandum opinion. Plaintiffs have also filed a motion to appoint counsel, ECF No. 81, which will be denied, and three motions to supplement the complaint, the first two of which appear functionally identical. ECF Nos. 85, 91, & 112. In the first two motions to supplement, Ms. Morris seeks to add a retaliation claim pursuant to 42 U.S.C. § 3617 due to her eviction on May 8, 2026. ECF Nos. 85 & 91. The Landlord Defendants filed a response to the motion to supplement the complaint, ECF No. 97, and Ms. Morris replied. ECF No. 98. In the third motion to supplement, Plaintiffs attempt to add class action allegations regarding "loopholes" developers use to

evade housing laws and an "illegal commercial-to-residential high-density conversion of" the Linden Park Apartments. ECF No. 112 at 2. The Housing Authority of Baltimore City has moved to strike the third motion to supplement, ECF No. 113, and Plaintiffs have responded. ECF No. 114.

### B.    Other Actions[3]

This is not Plaintiffs' first attempt to have these and similar claims addressed in this court. Plaintiffs have filed a number of similar cases against a number of these Defendants, all of which have been dismissed.

In *Morris v. Mem'l Dev. Partners, LP* ("*Morris I*"), Plaintiffs sued the Landlord Defendants in relation to alleged issues with Plaintiffs' units at the Linden Park Apartments that are very similar to the claims in this case, alleging primarily race, age, and disability discrimination in violation of, among other things, the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 & 1982, the Housing and Urban Development Act, the Fair Housing Act, and the Americans with Disabilities Act. Case No. 23-cv-01641-JMC, 2024 WL 2155050, at *1–3 (D. Md. May 14, 2024) ("*Morris I*"). The court gave Plaintiffs multiple opportunities to amend their pleadings but ultimately granted the Defendants' motion to dismiss the second amended complaint that had been filed in that case. *Id.* at *1, *3, *12. Like in the present case, many of Plaintiffs' claims seemed to have been brought on behalf of individuals other than Plaintiffs, for which the court concluded

---

[3] The Court takes judicial notice of the related prior proceedings involving these two Plaintiffs because they are publicly filed decisions from this court. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

Plaintiffs lacked standing. *Id*. at *5–*6. The court also rejected Plaintiffs' claims premised on the allegation that their apartment was poorly maintained and inferior to other housing complexes and that an eviction notice amounted to unlawful retaliation. *Id*. at *7–*9. The court ultimately dismissed Plaintiffs' action with prejudice, noting that Plaintiffs' second amended complaint was "replete with confusing, conclusory 'factual allegations' and citations to various local, state, and federal laws and regulations that do not plausibly allege any federal claim for which this Court can afford Plaintiffs relief" and that "the confusing nature of Plaintiffs' Second Amended Complaint makes it extremely challenging to identify every potential cause of action for which Plaintiffs seek redress, and/or the potential facts that support permitting those claims to proceed." *Id*. at *12. The court also noted that it had "admonished Plaintiffs twice for submitting complaints and supplements to those complaints that far exceeded the page limitations provided by the Court's Local Rules." *Id*. at *9 n.9 (citing Local Rule 103.1(d)).

Then, in *Morris v. Baltimore Municipal* ("*Morris II*"), Plaintiffs sued Baltimore Municipal,[4] Baltimore Department of Housing & Community Development, Baltimore Housing Authority, and the Landlord Defendants. Case No. 24-cv-01713-JRR, 2025 WL 833920, at *1 (D. Md. Mar. 14, 2025). As in this case, the complaint in *Morris II* exceeded 40 pages and alleged housing discrimination in violation of the Civil Rights Acts of 1866 and 1871, the Americans with Disabilities Act, the Rehabilitation Act, and the Fair Housing Act. *Id*. The *Morris II* "court generally [understood] that Plaintiffs' Complaint assert[ed] that the housing conditions at 301 McMechen Street have in various ways violated their rights under several federal laws, including civil rights laws .

---

[4] "Baltimore Municipal" appears to be the functional equivalent of the Defendant in this case, "Baltimore City c/o Mayor and City Council."

. . , that Defendants are responsible for, and caused, the conditions of which Plaintiffs complain, and that these injuries are redressable by the court." *Id.* at *2. But the court dismissed the case without prejudice after concluding that "the Complaint rests entirely on conclusory assertions that Defendants have acted in ways that violate a multitude of statutes and laws" including "that the conditions of housing at 301 McMechen Street amount to violations of their civil rights and related entitlements" but "sets forth no plausible factual allegations, even take as true, on which a reasonable factfinder could conclude that Defendants (individually or together) are liable as asserted." *Id.* at *3. The Court also held that Plaintiffs failed to adhere to the mandate in Federal Rule of Civil Procedure 8 for a short and plain statement asserting the grounds for relief or Local Rule 103.1(d) prohibiting complaints from exceeding 40 pages without leave of court. *Id.*

In *Morris v. Baltimore City* ("*Morris III*"), Plaintiffs sued Baltimore City, Baltimore Department of Housing & Community Development, the Housing Authority of Baltimore City, and the Landlord Defendants. Case No. 25-CV-968-JRR, 2025 WL 934323, at *1 (D. Md. Mar. 27, 2025), *aff'd*, No. 25-1319, 2025 WL 2171015 (4th Cir. July 31, 2025) (*Morris IV*"). Like the other *Morris* cases, including the current one, Plaintiffs' 79-page complaint in *Morris III* "appear[ed] to seek to state various claims raising constitutional and other civil challenges regarding . . . the housing conditions at 301 McMechen Street." *Id.* In fact, the court noted that the case was "nearly identical" to *Morris II*. *Id.* The *Morris III* court dismissed the complaint without prejudice *sua sponte* pursuant to 28 U.S.C. § 1915. *Id.* It held that Plaintiffs' allegations of discrimination were conclusory and rested "on generalized assertions of wrongdoing and that is insufficient to state a claim." *Id.* at *2. As in *Morris II*, the court in *Morris III*

held that Plaintiffs' pleading failed to satisfy Rule 8 and Local Rule 103.1(d). *Id.* at *3. Plaintiffs appealed *Morris III*; the Fourth Circuit affirmed the district court's decision after concluding that Plaintiffs had "forfeited appellate review of the appealed-from order" "[b]ecause Plaintiffs' informal brief [did] not challenge the basis for the district court's disposition." *Morris IV*, 2025 WL 2171015, at *1.[5]

It is clear at this point that Plaintiffs are serial and vexatious litigants. The requirements of a complaint, both in length and substance, have been explained to them numerous times by this court, but they continue to ignore them.

## II.   STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon

---

[5] Ms. Morris also filed at least two additional similar lawsuits on her own. In *Morris v. Amtrak* ("*Morris V*"), Ms. Morris sued Amtrak and the Baltimore Mayor and City Counsel alleging in her 63-page complaint that, among other things, the Baltimore City defendants had violated various federal and state laws by failing to remedy segregation and discrimination in housing. Case No. 24-cv-2260-JKB, 2024 WL 4957210, at *1 (D. Md. Dec. 3, 2024). The *Morris V* court dismissed her case after concluding that Ms. Morris lacked standing to bring the claims asserted and that her complaint violated Rule 8 because it was "difficult to discern" and made "various general conclusory statements and allegations regarding a wide variety of topics." *Id.* at *2.

In *Morris v. City of Baltimore* ("*Morris VI*"), Ms. Morris alleged violations of the ADA, Rehabilitation Act, and Fair Housing Act against the Baltimore Mayor and City Counsel contending that the Linden Court Apartments "fail[ed] to provide critical services to elderly and disabled people." Case No. 23-cv-3504-MJM, 2025 WL 449029, at *1 (D. Md. Feb. 10, 2025). The *Morris VI* court dismissed her case without prejudice, concluding that Ms. Morris lacked standing to bring her claims on behalf of others who were not parties and that she failed to state plausible claims for relief because her complaint was almost entirely copied from a 2018 complaint filed in the Northern District of Illinois that did not concern the defendants named in *Morris VI*. *Id.* at *2–*3.

which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As stated, when considering such a motion, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiffs are self-represented, so the Court construes their complaint liberally, holding it to "less stringent standards than [those] drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading." *Chrisp v. Univ. of N.C.-Chapel Hill*, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020).

## III.    DISCUSSION

### A.    Defendants' Motions to Dismiss

As stated above, Plaintiffs' responses to the motions to dismiss do not address the arguments raised by the Defendants and instead repeat the claims made in their complaint and supplements. Thus, Plaintiffs have forfeited any objection to these

arguments. *See, e.g.*, *Ross v. Erie Insurance Exchange*, Case No. 24-cv-2414-RDB, 2026 WL 346221, at *8 (D. Md. Feb. 9, 2026) ("Failure to respond to a defendant's arguments for dismissal constitutes abandonment and results in dismissal of the claim."). Nonetheless, there also are other reasons to dismiss the complaint.

### 1.  Federal Rules of Civil Procedure 8 & 12 and Local Rule 103.1(d)

All Defendants argue that Plaintiffs' complaint should be dismissed because they have again flouted the applicable rules by filing a convoluted lengthy complaint with many supplements that does not clearly state any facially plausible claim for relief in violation of *Iqbal*, *Twombly*, Federal Rules of Civil Procedure 8 and 12, and Local Rule 103.1(d). The Court agrees.

As with their previous cases, Plaintiffs' complaint makes it nearly impossible to discern the actual bases for their causes of action or whether they have suffered a particularized injury-in-fact addressable by the statutes they cite. Plaintiffs have failed to present a complaint under 40 pages in length (in violation of Local Rule 103.1(d)) that when taken as true provides "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint does not clearly explain how the cited laws are alleged to have been violated or what each individual Defendant did to violate them. Thus, the complaint is insufficient under Federal Rules of Civil Procedure 8 and 12 and violates Local Rule 103.1(d). *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Likewise, Plaintiffs have failed to establish Article III standing since many of their allegations are aimed at addressing injuries suffered by others, rather than concrete injuries to the Plaintiffs traceable to the actions of the Defendants and redressable by the Court. *See, e.g., Beck v. McDonald*, 848 F.3d 262 (4th Cir. 2017) (explaining that Article III standing requires "an injury-in-fact (i.e., a concrete and particularized invasion of a legally protected interest)," "causation (i.e., a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant)," and "redressability (i.e., it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit)") (quoting *David v. Alphin*, 704 F.3d 327, 333 (4th Cir. 2013)); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992) ("[A] plaintiff raising only a generally available grievance about government— claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.").

For these multiple reasons, the complaint will be dismissed.

### 2.    *Res Judicata*

Several Defendants also argue that the complaint should be dismissed based on *res judicata* given that these two Plaintiffs have raised essentially the same claims against these same Defendants in several prior cases. Under the doctrine of claim preclusion, "if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation 'not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented.'" *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002) (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)). Issue preclusion is narrower and

"bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–749 (2001)).

Only *Morris I*, against the Landlord Defendants, was dismissed with prejudice and is, therefore, the only case to which *res judicata* could apply. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (holding that a dismissal without prejudice does not operate as an adjudication on the merits); *Mann v. Haigh*, 120 F.3d 34, 36 (4th Cir. 1997) ("[T]he district court's earlier dismissal was made expressly without prejudice and, accordingly, has neither an issue nor a claim preclusive effect."). Thus, the Landlord Defendants (against whom *Morris I* was brought) have a strong argument for baring Plaintiffs' claims against them here. In *Morris I*, there was a final judgment on the merits, and there was an identity of at least some of the causes of action in that case and this case and an identity of parties in the two cases. *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004) (reciting the elements for claim preclusion).

But the Court need not decide that issue. As stated, the complaint will be dismissed for failure to meet federal pleading standards. Such a dismissal is often without prejudice because it is often possible to cure the deficiencies. Here, however, Plaintiffs have repeatedly raised the same issues and their cases have been dismissed for the same reasons. Therefore, the Court concludes that the dismissal of this case should be with prejudice. It is readily apparent, even though this is Plaintiffs' first complaint in this case, that any future amendment would be futile as Plaintiffs have attempted to bring the same basic claims against the same Defendants multiple times. Indeed, Plaintiffs have sought to supplement their complaint in this case, but as discussed

below, those supplements would also be futile and do not address the core problems with the complaint.

### 3.    The Administrative Procedures Act

Finally, HUD argues that the Administrative Procedures Act ("APA") bars Plaintiffs' claims for several reasons. Again, Plaintiffs' response does not address this argument. HUD is correct, however, and the Court will briefly address one of HUD's arguments.

Plaintiffs essentially allege that HUD is liable because it has not provided adequate enforcement against and oversight of the other Defendants who are allegedly responsible for the condition of Plaintiffs' apartments or housing discrimination in Baltimore generally. The APA authorizes suit against federal agencies where "there is no other adequate remedy." 5 U.S.C. § 704. In discrimination suits, private actions against those that actually engaged in the allegedly wrongful conduct are "the proper means for individuals to enforce" statutes. *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 751 (D.C. Cir. 1990). Here, to the extent that Plaintiffs could allege viable claims against, for example, the Landlord Defendants—which Plaintiffs have not done, for the reasons explained above—those would be adequate remedies. *See Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 191–92 (4th Cir. 1999) (holding that, under the APA, the "direct remedy against funding recipients is not only 'adequate,' but, as the Supreme Court recognized, is preferable to a direct suit against the agency itself"); *Am. Disabled for Attendant Programs Today v. U.S. Dep't of Hous. & Urb. Dev.*, 170 F.3d 381, 390 (3d Cir. 1999) ("[A] private right of action against individual housing providers that receive federal funding . . . is clearly 'adequate' in the section 704 sense, and so judicial review is inappropriate on all counts.").

13

### B.      Ms. Morris' Motions to Supplement the Complaint

Ms. Morris has moved to supplement the complaint with a retaliation claim under 42 U.S.C. § 3617 based on her eviction from her apartment on May 8, 2026 by the Landlord Defendants. ECF Nos. 85 & 91. While it is not entirely clear to the Court, Ms. Morris appears to allege that she engaged in a protected activity under the Fair Housing Act ("FHA") when she disclosed her income to the Landlord Defendants but refused "to sign forms listing 'Linden Park Apartments' as the Landlord requiring the recertification for Low Income Housing Tax Credit and not Listing Memorial Development Partners, LP the signer of Plaintiff lease" on July 7, 2025. ECF No. 91-1 at 4. She claims that the Landlord Defendants retaliated against her for that activity by filing a breach of lease action against her in Baltimore City District Court that resulted in her May 8, 2026 eviction for failure to recertify her eligibility for a "Low Income Housing Tax Credit." *Id*.

While leave to amend a complaint is generally to be freely given, Fed. R. Civ. P. 15(a)(2), courts may deny such a motion in the face of prejudice, bad faith, or futility. *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021). At a minimum, Ms. Morris's proposed amendment is futile because, like Plaintiffs' initial complaint, she has failed to state a claim for relief that would survive under Rule 12(b)(6). To maintain a claim of retaliation under the FHA, a plaintiff must allege that: (1) the plaintiff was engaged in a protected activity; (2) the defendant was aware of that activity; (3) the defendant took adverse action against the plaintiff; and (4) a causal connection exists between the protected activity and the adverse action. *Hall v. Greystar Mgmt. Servs.*, L.P., 28 F. Supp. 3d 490, 495 (D. Md. 2014). The Court has found no law indicating that refusing to sign required certification documents is a protected activity.

14

As a result, Ms. Morris' first two motions to supplement the complaint will be denied.[6]

Plaintiffs have also jointly moved to amend the complaint to add class action allegations regarding "loopholes" developers use to evade housing laws and an "illegal commercial-to-residential high-density conversion of" the Linden Park Apartments. ECF No. 112 at 2. This motion will also be denied. *Pro se* plaintiffs cannot maintain a class action as they can only represent themselves. *See Fowler v. Lee,* 18 F. App'x 164, 165 (4th Cir. 2001) ("[T]his circuit does not certify a class where a *pro se* litigant will act as representative of that class.") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Similarly, as discussed above, Plaintiffs lack standing to bring claims on the behalf of others. To the extent the proposed amendment seeks to add claims unique to the two Plaintiffs, these fail for the same reasons as their initial complaint: the allegations do not meet the requirements of Federal Rules of Civil Procedure 8 and 12.

## IV.   CONCLUSION

Plaintiffs' complaint and supplements fail to comport with federal and local rules of procedure and Supreme Court precedent regarding pleadings. Therefore, Defendants' motions to dismiss will be granted, Ms. Morris' motions to supplement will be denied, and the complaint will be dismissed. The claims against HUD are also barred by the

---

[6] In their response, the Landlord Defendants seek clarification as to why ECF Nos. 69 & 70, a motion for temporary restraining order and related documents filed by Plaintiffs, are marked as restricted on the docket. They are so marked because Plaintiffs filed them *ex parte*. The Court denied the motion for temporary restraining order on April 29, 2026. ECF No. 75. But because there is no basis for sealing (and Plaintiffs have not identified any), the accompanying order will direct that the restrictions on those filings be removed.

APA. Given the obvious futility of further amendment, the dismissal will be with prejudice. All other motions filed by Plaintiffs will be denied as moot.

A separate order follows.


Date: July 6, 2026                                      _____/s/_____

Adam B. Abelson
United States District Judge